**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 4:20-cv-10077-KMM

SPOTTSWOOD COMPANIES, INC.,

    Plaintiff,

v.

ZURICH AMERICAN INSURANCE
COMPANY,

    Defendant.
_____/

### ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS

THIS CAUSE came before the Court upon Defendant Zurich American Insurance Company's ("Defendant") Motion for Judgement on the Pleadings. ("Mot.") (ECF No. 23). Therein, Defendant requests that the Court dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 12(c). Mot. at 1. Plaintiff Spottswood Companies, Inc. ("Plaintiff") filed a response in opposition. ("Resp.") (ECF No. 28). Defendant filed a reply. ("Reply") (ECF No. 29). The Motion is now ripe for review.

**I.    BACKGROUND[1]**

This case arises from business losses sustained due to the COVID-19 pandemic and related measures taken by state and local governments to reduce the spread of the virus.

---

[1]  The background facts are taken from the Complaint. ("Compl.") (ECF No. 1). All material facts alleged in the Complaint are accepted as true and must be viewed in the light most favorable to the non-moving party. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). Additionally, the Court may consider documents attached to a Rule 12(c) motion so long as "the documents are (1) central to the [plaintiff's] claim and (2) their authenticity is not challenged." *Ramey v. Interstate Fire & Cas. Co.*, 32 F. Supp. 3d 1199, 1203 (S.D. Fla. 2013) (citing *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005)).

On March 20, 2020, Monroe County issued Executive Order 20-02—which closed the county off to tourists and prohibited lodging establishments from taking reservations. Compl. ¶ 13. Then, on March 26, 2020, Broward County issued Emergency Order 20-03 which required the closure of all non-essential businesses, including restaurants and bars. *Id*. ¶ 14. On March 30, 2020, Florida Governor Ron DeSantis signed Executive Order 20-91, which ordered the closure of all non-essential businesses in an effort to stop the spread of COVID-19 (together, the "Public Health Orders"). *Id*. ¶ 15.

Plaintiff owns and operates numerous hotels, timeshares, restaurants, marinas, and commercial properties throughout Monroe County ("Spottswood Properties"). *Id*. ¶ 6. Thus, the aforementioned Public Health Orders had the effect of limiting access to the Spottswood Properties and "caused a suspension of business operations[.]" *Id*. ¶¶ 16–17. Plaintiff alleges that:

> The presence of COVID-19 caused direct physical loss of/or damage to the covered properties under the All-Risk Policy by, among other things, damaging the covered properties, denying access to the covered properties, preventing customers from physically occupying the covered properties, causing the covered properties to be physically uninhabitable by customers, causing the function of the covered properties to be nearly eliminated or destroyed, and/or causing a suspension of business operations on the covered properties[.]

*Id*. ¶ 18. In sum, as a result of the "presence of COVID-19," Plaintiff suffered a suspension of business operations, sustained losses of business income, and incurred extra expenses. *Id*. ¶ 19.

Plaintiff purchased an insurance policy ("Policy") (ECF No. 23-2)[2] which provided coverage for the 2020 calendar year. Compl. ¶ 7. At the outset, the Policy states:

---

[2] Although Plaintiff has cited to the Policy at various points throughout the Complaint, no copy of the Policy was attached thereto. *See generally* Compl. The Policy is central to Plaintiff's claim and Plaintiff has offered no dispute as to the validity of the Policy attached to Defendant's Motion. *See generally* Resp. Thus, the Court will consider applicable provisions of the Policy herein. *Ramey*, 32 F. Supp. 3d at 1203 (citing *Day*, 400 F.3d at 1276).

> This Policy Insures against ***direct physical loss of or damage*** caused by a Covered Cause of Loss to Covered Property, at an Insured Location . . . all subject to terms, conditions and exclusions stated in this Policy.

Policy § 1.01 (emphasis added).³  "Covered Cause of Loss" is defined in the Policy as "[a]ll risks of ***direct physical loss of or damage*** from any cause unless excluded." *Id*. § 7.11. "Covered Property," as relevant in this case, is defined by the Policy as Plaintiff's "interest in buildings (or structures) including new construction, additions, alterations, and repairs that the Insured owns, occupies, leases or rents." *Id*. § 3.01.01

The Policy protects Plaintiff from loss of business income due to a suspension of business operations under the "Time Element" losses provision. Compl. ¶ 8. The Time Element provision states:

> The Company will pay for the actual Time Element loss the Insured sustains, as provided in the Time Element Coverages, during the Period of Liability. The Time Element loss must result from the necessary Suspension of the Insured's business activities at an Insured Location. The Suspension must be due to ***direct physical loss of or damage*** to Property (of the type insurable under this Policy other than Finished Stock) caused by a Covered Cause of Loss at the Location[.]

Policy § 4.01.01 (emphasis added). Relatedly, under the "Extra Expense" provision, the Policy covers

> [t]he reasonable and necessary Extra Expenses incurred by the Insured, during the Period of Liability, to resume and continue as nearly as practicable the Insured's normal business activities that otherwise would be necessarily suspended, ***due to direct physical loss of or damage*** caused by a Covered Cause of Loss to Property of the type insurable under this policy at a Location.

*Id*. § 4.01.01 (Extra Expense) (emphasis added); Compl. ¶ 8.

The Policy also provides "Civil or Military Authority Coverage." Compl. ¶ 9. This provision states:

---

³ The Policy uses bolded language for defined terms. *See generally* Policy. For clarity, this emphasis on defined terms has been removed from all quotations of the Policy.

3

> The Company will pay for the actual Time Element loss sustained by the Insured, as provided by this Policy, resulting from the necessary Suspension of the Insured's business activities at an Insured Location if the Suspension is caused by order of civil or military authority that prohibits access to the Location. That order must result from a civil authority's response to ***direct physical loss of or damage*** caused by a Covered Cause of Loss to property not owned, occupied, leased or rented by the Insured or insured under this Policy and located within the distance of the Insured's Location as stated in the Declarations.

Policy § 5.02.03 (Civil or Military Authority Coverage) (emphasis added). The Civil or Military Authority Coverage is a separate and independent basis for coverage from the Time Element provision. Compl. ¶ 11.

The Complaint also alleges that the business losses due to COVID-19 are covered by the "Ingress/Egress" and "Contingent Time Element" provisions of the Policy, both of which require a "***direct physical loss***" or "***damage***" caused by a Covered Cause of Loss to Covered Property. Compl. ¶ 26; *see also* Policy § 5.02.05 (Contingent Time Element) (emphasis added); *see also* Policy § 5.02.15 (Ingress/Egress) (emphasis added).

On May 5, 2020, Plaintiff sent a Formal Notice of Claim to Defendant, describing the losses incurred as a result of COVID-19 as a "direct physical loss." *Id*. ¶ 21. Defendant denied this claim, contending that no direct physical loss had occurred and, in any event, the claim fell within certain exclusions in the Policy. *Id*. ¶ 22. These losses have continued through the filing of this action. *Id*. ¶ 20.

Plaintiff filed the Complaint on July 8, 2020, which alleges two separate counts seeking declaratory relief. *See generally id*. First, in Count I, Plaintiff seeks declaratory relief with respect to Plaintiff's rights to coverage under the Policy's provisions for Time Element Loss, Extra Expense, Contingent Time Element, Ingress/Egress, and all-risk coverages. Compl. ¶¶ 26–27. Second, in Count II, Plaintiff seeks declaratory relief with respect to Plaintiff's rights under the Policy's Civil or Military Authority Coverage. *Id*. ¶¶ 28–31.

Plaintiff is a Florida Corporation with its principal place of business in Florida. Compl. ¶ 2. Defendant is a New York Corporation with its principal place of business in Illinois. *Id.* ¶ 3. Plaintiff alleges an amount in controversy exceeding $75,000.00, exclusive of interest, attorneys' fees, and costs. *Id*. ¶ 4. Thus, Defendant has properly invoked the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Venue is proper in the Southern District of Florida, under 28 U.S.C. §1391(a), because at least one party resides in the district and a substantial part of the events giving rise to Plaintiff's claim occurred in the district. *Id*. ¶ 5.

Now, Defendant moves to dismiss the action, with prejudice, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. *See generally* Mot.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001).

Generally, a Rule 12(c) motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss. *Moraes v. New Horizons of the Treasure Coast, Inc*., No. 12-cv-14155-KMM, 2013 WL 4009438, at *2 (S.D. Fla. Aug. 5, 2013). Thus, to survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). This requirement "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and alteration omitted). Further, all material facts

alleged in the non-moving party's pleading are accepted as true and must be viewed in the light most favorable to the non-moving party. *Perez*, 774 F.3d at 1335. "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Id*.

Additionally, a court may consider documents attached to a motion for judgment on the pleadings without converting it into one for summary judgment so long as "the documents are (1) central to the [plaintiff's] claim and (2) their authenticity is not challenged." *Ramey*, 32 F. Supp. 3d at 1203 (citing *Day*, 400 F.3d at 1276).

### III. DISCUSSION

Plaintiff has failed to plausibly allege a direct physical loss of or damage to covered property. Thus, Plaintiff has failed to meet its initial burden of proving that its losses are covered by the Policy. Further, Plaintiff has conceded that it has failed to state a claim with respect to the application of the Policy's Civil or Military Authority Coverage. Resp. at 7. For these reasons, as discussed further below, the action is rightly dismissed with prejudice.

### A. Plaintiff Has Not Plausibly Alleged a Direct Physical Loss of, or Damage to, Covered Property.

Defendant contends that each relevant provision of the Policy requires some form of "direct physical loss of or damage to" Covered Property. Mot. at 9–16. Defendant argues that the alleged losses suffered due to COVID-19 do not satisfy that requirement. *Id*. For this reason, Defendant argues that Plaintiff has failed its burden to allege facts proving that their claim is covered by the Policy. *Id*. Plaintiff concedes that the language requiring some form of "'direct physical loss or damage' is found in each of the coverages with which the instant case is concerned." Resp. at 4.

6

Yet, Plaintiff argues that because the Complaint alleges that COVID-19 "damage[ed] the covered properties," dismissal under Rule 12(c) would be inappropriate. Resp. at 6.[4]

"Florida law places on the insured the burden of proving that a claim against it is covered by the insurance policy." *LaFarge Corp. v. Travelers Indem. Co.*, 118 F.3d 1511, 1516 (11th Cir. 1997) (citing *Hudson Insurance Co. v. Double D Management Co., Inc*., 768 F. Supp. 1542 (M.D. Fla. 1991)). "The burden of proving an exclusion to coverage is, however, on the insurer." *Id*.[5]

Here, it is Plaintiff's burden to prove that the alleged business losses due to COVID-19 are covered under the Policy. *Id*. For the reasons discussed below, Plaintiff has failed to plausibly allege facts in satisfaction of that burden.

The first section of the Policy states as follows, "[t]his Policy Insures against ***direct physical loss of or damage*** caused by a Covered Cause of Loss to Covered Property, at an Insured Location . . . all subject to terms, conditions and exclusions stated in this Policy." Policy § 1.01 (emphasis added). "Covered loss" is defined in the Policy as "[a]ll risks of ***direct physical loss of or damage*** from any cause unless excluded." *Id*. § 7.11. Further, as conceded by Plaintiff, each provision pointed to as potentially provided coverage for the alleged losses includes the requirement of "direct physical loss of or damage" to Covered Property. Resp. at 4; *see also* Policy

---

[4] Plaintiff's assertion that Defendant may not challenge the sufficiency of the Complaint at this juncture under Rule 12(c) because Defendant did not raise a Rule 12(b)(6) challenge to the Complaint is nonsensical. Resp. at 6. As noted by Defendant, under Federal of Civil Procedure 12(h), the defense of failure to state a claim is not waived for failure to bring a Rule 12(b)(6) motion and may be properly pursued under Rule 12(c). Fed. R. Civ. P. 12(h); Reply at 2. Moreover, Plaintiff has not even requested to amend the Complaint, despite its apparent concern with the procedural posture of the instant Motion. *See generally* Resp. Thus, the Court will consider the instant Motion under the aforementioned standards governing motions under Rule 12(c).

[5] It is undisputed that Florida law governs the Policy. *See generally* Mot.; *see also generally* Resp.

§§ 4.01.01 (Time Element), 4.02.03 (Extra Expense), 5.02.03 (Civil or Military Authority Coverage), 5.02.05 (Contingent Time Element), 5.02.05 (Ingress/Egress).

Accordingly, the meaning of "***direct physical loss of or damage***" is critical to the analysis of the Motion. In *Mama Jo's Inc. v. Sparta Ins. Co.*, the Eleventh Circuit recently stated that

> Florida's District Court of Appeals for the Third District has addressed the definition of "direct physical loss": "A 'loss' is the diminution of value of something[]. Loss, *Black's Law Dictionary* (10th ed. 2014). 'Direct' and 'physical' modify loss and impose the requirement that the damage be actual."

823 F. App'x 868, 879 (11th Cir. 2020), *cert. denied*, No. 20-998, 2021 WL 1163753 (U.S. Mar. 29, 2021) (quoting *Homeowners Choice Prop. & Cas. v. Maspons*, 211 So. 3d 1067, 1069 (Fla. Dist. Ct. App. 2017)). Because "'direct physical' modifies both 'loss' and 'damage,' . . . any 'interruption in business must be caused by some *physical problem* with the covered property'" to be a covered loss. *Malaube, LLC v. Greenwich Ins. Co.*, No. 20-cv-22615-Civ, 2020 WL 5051581, at *7 (S.D. Fla. Aug. 26, 2020).

As the Court noted in a similar case, *Island Hotel Properties, Inc. v. Fireman's Fund Ins. Co.*, "[w]hile the interplay between the COVID-19 pandemic and insurance claims may have been uncharted territory when Defendant filed the Motion, courts—including this Court—have now had ample opportunity to sketch the confines of allegations like these" No. 4:20-cv-10056-KMM, 2021 WL 117898 (S.D. Fla. Jan. 11, 2021) (slip op.). Indeed, it remains the case that federal district courts in Florida and throughout the Eleventh Circuit have held, uniformly, that losses arising from the "presence" of COVID-19, and related Public Health Orders in response to the pandemic which limit access to properties, are not a "direct and physical loss." *See id.* at *3.[6]

---

[6] *See Sun Cuisine, LLC v. Certain Underwriters at Lloyd's London*, No. 20-cv-21827, 2020 WL 7699672, at *4 (S.D. Fla. Dec. 28, 2020) (slip. op.) ("Plaintiff's allegations provide the Court no reason to deviate from the prevailing consensus in this Circuit and others regarding business interruption claims arising from the COVID-19 pandemic" that such claims "do not plausibly show direct physical loss or damage" to property); *see also Timber Pines Plaza, LLC v. Kinsale Ins. Co.*,

Plaintiff has offered no facts upon which this Court finds it would be warranted to deviate from the broad consensus that has developed on the issue presented in this case. Thus, Plaintiff has failed to meet its burden to demonstrate that alleged losses arising from the COVID-19 pandemic satisfy the requirement of "direct physical loss of or damage" to Covered Property—which, as Plaintiff concedes, is included in every relevant provision of the Policy. *LaFarge Corp*, 118 F.3d at 1516. Plaintiff's conclusory assertion that COVID-19 "damage[ed] the covered properties" does not remedy the absence of any alleged facts within the Complaint amounting to "direct physical loss of or damage" to any of the Spottswood Properties.[7] Therefore, Plaintiff has failed to plausibly allege facts stating a claim upon which relief can be granted under Count I of the Complaint. *See Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678. Moreover, Plaintiff has not pointed to any dispute of material fact that would render a judgment on the pleadings pursuant to Rule 12(c) improper. *Cannon*, 250 F.3d at 1301; *see generally* Resp. For these reasons, Defendant's Motion as it pertains to Count I of the Complaint is GRANTED.

---

2016 WL 8943313, at *2 (M.D. Fla. Feb. 4, 2016) (it is not sufficient to plead that the Plaintiff has suffered damages in the form of "direct physical damage to its property"); *Infinity Exhibits, Inc. v. Certain Underwriters at Lloyd's London Known as Syndicate PEM 4000*, 489 F. Supp. 3d 1303, 1308 (M.D. Fla. 2020) (same); *Emerald Coast Restaurants, Inc. v. Aspen Specialty Ins. Co.*, No. 20-cv-5898, 2020 WL 7889061, at *2 (N.D. Fla. Dec. 18, 2020) (slip op.) (same); *Raymond H. Nahmad DDS PA v. Hartford Cas. Ins. Co.,* No. 1:20-cv-22833, 2020 WL 6392841, at *5–10 (S.D. Fla. Nov. 2, 2020) (same); *Carrot Love, LLC v. Aspen Spec. Ins. Co*., No. 20-cv-23586, 2021 WL 124416 (S.D. Fla. Jan. 12, 2021) (same).

[7] In its Response, Plaintiff attempts to inject a new theory of liability, under the Policy's Decontamination Costs coverage, which was not included in the Complaint. Resp. at 8 (citing Policy § 5.02.07 (Decontamination Costs)). Even if this theory was included in the Complaint, it still requires the "direct physical loss or damage caused by a Covered Cause of Loss to Covered Property"—which has not been plausibly alleged in the Complaint. Policy § 5.02.07. Thus, this theory of liability fails for the same reasons.

**B.     Plaintiff Has Not Plausibly Alleged Facts Giving Rise to Civil or Military Authority Coverage under the Policy.**

Defendant argues that the Policy's Civil or Military Authority Coverage is not triggered by the alleged losses because the Complaint has failed to allege a qualifying physical loss of or damage to qualifying nearby properties. Mot. at 14. In response, Plaintiff states that "[i]n candor, Spottswood's Complaint [sic] does not contain such an allegation and therefore Spottswood agrees that Count II [sic] does not state a claim for relief." Resp. at 7.

The various Public Health Orders highlighted in the Complaint were in response to COVID-19 and do not involve a physical loss or damage of any sort. *See generally* Compl. ¶¶ 12–16. Further, the Complaint does not allege a qualifying loss to a nearby property, which is necessary under the Civil or Military Authority Coverage provision. *See generally* Compl. Thus, as conceded by Plaintiff, Count II of the Complaint does not state a claim for relief upon which relief can be granted. Resp. at 7; *see also Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. Consequently, Defendant's Motion as it pertains to Count II of the Complaint is GRANTED.[8]

**C.     This Action Is Properly Dismissed with Prejudice.**

Defendant contends that this action should be dismissed with prejudice and without leave to amend because any amendment to the Complaint would be futile. Mot. at 18. Plaintiff has not offered any response to Defendant's request for dismissal with prejudice. *See generally* Resp.

---

[8] Defendant argues that even if Plaintiff did meet its burden of proving that a claim is covered by the insurance policy, the Complaint should still be dismissed under Rule 12(c) because the alleged business losses fall within the Policy's "Contamination Exclusion." Resp. at 16 (citing Policy § 3.03.01.01 (excluding contamination arising from viruses from coverage under the Policy, amongst other things)). However, Plaintiff, as the insured, has not met its initial "burden of proving that a claim against it is covered by the insurance policy." *LaFarge*, 118 F.3d at 1516. Thus, the Court need not consider Defendant's arguments, which have been rendered non-dispositive by the Court's findings above, because the burden to demonstrate an applicable exclusion under the Policy has not shifted to Defendant. *See id.*

However, Plaintiff does note that Defendant "never brought to Spottswood's attention any alleged deficiencies in its allegations which might have been cured by an amended complaint." *Id.* at 2. Plaintiff has made no request to amend the Complaint, or otherwise explain how the Complaint could be amended to state a claim upon which relief can be granted. *See generally id.*

A district court "may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, simply put, there is no way to plausibly allege the physical manifestation of economic headwinds caused by the COVID-19 pandemic. Thus, the Court finds that any amendment to the Complaint would be futile and dismissal of this action with prejudice is appropriate.

## IV.   CONCLUSION

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Defendant's Motion for Judgement on the Pleadings (ECF No. 23) is GRANTED. Accordingly, the above-captioned case is DISMISSED WITH PREJUDICE. The Clerk of Court is INSTRUCTED to CLOSE this case. All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this _10th_ day of June, 2021.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c: All counsel of record